**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| PRETTY GIRL, INC., | Case No. 14-11979 (SHL) |
| Debtor. | (Jointly Administered) |

-------------------------------------------------------------x

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

                Plaintiff,

vs.

72 FASHION CORP.,                                                        Adv. Pro. No. 16-01150 (SHL)

                Defendant.

-------------------------------------------------------------x

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

                Plaintiff,

vs.

165-24 JAMAICA AVE CORP.,                                    Adv. Pro. No. 16-01151 (SHL)

                Defendant.

-------------------------------------------------------------x

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

                Plaintiff,

vs.

241 UTICA AVE CORP.,                                              Adv. Pro. No. 16-01152 (SHL)

                Defendant.

---------------------------------------------------------------x

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

                Plaintiff,

vs.

947 S. CORP.,                                                                   Adv. Pro. No. 16-01153 (SHL)

                Defendant.

---------------------------------------------------------------x

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

                Plaintiff,

vs.

1168 LIBERTY CORP.,                                                    Adv. Pro. No. 16-01154 (SHL)

                Defendant.

---------------------------------------------------------------x

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

                Plaintiff,

vs.

1556 FLATBUSH AVE CORP.,                                        Adv. Pro. No. 16-01155 (SHL)

                Defendant.

---------------------------------------------------------------x

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

                Plaintiff,

vs.

2891 3RD AVE CORP.,                                                    Adv. Pro. No. 16-01156 (SHL)

                Defendant.

```
-----------------------------------------------------------x
```
SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

               Plaintiff,

  vs.

PG OF 730 FLATBUSH AVE CORP.,                        Adv. Pro. No. 16-01157 (SHL)

               Defendant.

```
-----------------------------------------------------------x
```
SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

               Plaintiff,

  vs.

PG OF JERSEY CITY CORP.,                               Adv. Pro. No. 16-01158 (SHL)

               Defendant.

```
-----------------------------------------------------------x
```
SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

               Plaintiff,

  vs.

PRETTY GIRL OF FORDHAM ROAD CORP.,          Adv. Pro. No. 16-01159 (SHL)

               Defendant.

```
-----------------------------------------------------------x
```
SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

               Plaintiff,

  vs.

PRETTY GIRL OF MOUNT VERNON INC.,           Adv. Pro. No. 16-01160 (SHL)

               Defendant.

3

-------------------------------------------------------x

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

                Plaintiff,

vs.

PRETTY GIRL OF NEWARK LTD.,                      Adv. Pro. No. 16-01161 (SHL)

                Defendant.

-------------------------------------------------------x

SALVATORE LAMONICA, AS CHAPTER 7
TRUSTEE OF PRETTY GIRL, INC.

                Plaintiff,

vs.

PRETTY GIRL OF WOODBRIDGE INC.,              Adv. Pro. No. 16-01162 (SHL)

                Defendant.

-------------------------------------------------------x

## MEMORANDUM OF DECISION AND ORDER

**A P P E A R A N C E S:**

**LAMONICA HERBST & MANISCALCO, LLP**
*Counsel for Plaintiff, Salvatore LaMonica, the Chapter 7 Trustee of Pretty Girl, Inc.*
3305 Jerusalem Avenue
Wantagh, NY 11793
By:    David A. Blansky, Esq.

**ROSEN & ASSOCIATES, P.C.**
*Counsel for Defendants*
747 Third Avenue
New York, NY 10017-2803
By:    Sanford P. Rosen, Esq.,
         Christine M. Dehney, Esq.

4

**SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the motion of the 13 above-captioned defendants (the "Defendants") for partial reconsideration [ECF No. 36] (the "Reconsideration Motion") of this Court's memorandum of decision dated April 7, 2022 [ECF No. 33] (the "Decision").[1] The Decision granted partial summary judgment to the plaintiff, Salvatore LaMonica, who is the Chapter 7 Trustee of the Debtor Pretty Girl, Inc. (the "Plaintiff"). *See* Notice of Plaintiff's Motion for Summary Judgment [ECF No. 24]; Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment [ECF No. 22].

The Plaintiff filed an opposition to the Defendants' Reconsideration Motion [ECF No. 42] (the "Opposition") and the Defendants filed a reply [ECF No. 44] (the "Reply"). For the reasons set forth below, the Reconsideration Motion is denied.

## BACKGROUND

While familiarity with the Decision is presumed, the Court will provide a brief summary of the background. *See also LaMonica v. 72 Fashion Corp. (In re Pretty Girl, Inc.)*, 2022 WL 1051098, at *1 (Bankr. S.D.N.Y. Apr. 7, 2022).

The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in early July 2014. [Case No. 14-11979, ECF No. 1]. Prior to the bankruptcy filing, the Debtor managed 27 retail stores selling price-conscious women's clothing. *See* Declaration of Albert Nigri Pursuant to Rule 1007-2 ¶ 5 [Case No. 14-11979, ECF No. 1] (the "Nigri Decl."). The Debtor's case was converted from Chapter 11 to Chapter 7 in late December

---

[1] Unless otherwise indicated, references in this Order to docket entries on the Case Management/Electronic Case Files ("ECF") system are to Adversary Proceeding No. 16-01150. All of the documents material to both the Reconsideration Motion and the underlying summary judgment motion were filed in each of the 13 adversary proceedings but are substantively identical. For consistency's sake, the Court will refer to the relevant docket numbers in Adversary Proceeding No. 16-01150.

5

2014. [Case No. 14-11979, ECF No. 142]. Salvatore LaMonica was then appointed as Chapter 7 Trustee [Case No. 14-11979, ECF No. 143]. In June 2016, the Plaintiff filed the complaints in these 13 adversary proceedings. Each of the Defendants were stores affiliated with the Debtor that were owned and controlled by the Debtor's principal, Albert Nigri. *See* Nigri Decl. ¶ 5; Excerpt of Albert Nigri's Deposition, at 27:2-7 [ECF No. 28, Exh. A].

    The complaints sought amounts from the Defendants for accounts receivables owed to the Debtor as of December 23, 2014 and advances owed to the Debtor as of June 30, 2014. *See* Plaintiff's Statement of Material Facts Pursuant to Rule 7056 of the Local Bankruptcy Rules for the Southern District of New York, Exh. A (Balance Sheet), Exh. B (A/R Aging Summary) [ECF No. 23] ("Trustee's SMF"). Defendants did not dispute that they owed money to the Debtor's estate. But they disputed the amount, contending that they owed only $288,368.03 in accounts receivable and $626,725.39 in advances. *See* Affidavit of Joseph Petriello, CPA ¶¶ 8, 10 [ECF No. 27] (the "Petriello Affidavit"); Hearing Transcript, dated November 19, 2020 at 53:15-21 [ECF No. 32] (the "Hr'g Tr."). The difference between the parties' calculations—some $1.6 million—reflected payments that Defendants allegedly made after the bankruptcy filing directly to the Debtor or to other entities on the Debtor's behalf. Petriello Affidavit ¶ 6. These include payments to JPMorgan Chase Bank, N.A. ("Chase"), purportedly to repay a loan. Petriello Affidavit ¶ 6, 9.

    In opposing summary judgment, Defendants argued (among other things) that, under the doctrine of subrogation, they were entitled to credit for payments they made to Chase to repay a loan for which the Defendants were jointly and severally liable with the Debtor; they argued that these payments to Chase benefited both the Debtor and the Defendants equally. *See* Memorandum of Law in Opposition to Summary Judgment, at 6 [ECF No. 29] (the "Summary

6

Judgment Opposition") ("To the extent Defendants paid monies to Chase in repayment of a loan for which they were jointly and severally liable with the Debtor (the "Chase Payments"), those payments benefit both the Debtor and the Defendants equally."). On that basis, the Defendants argued that, if the Plaintiff now recover from Defendants these monies paid to Chase, the Debtor's estate would receive the benefit of those funds twice. *See id.* ("Each payment to Chase, reduced the amount of claims against the estate. Were the Plaintiff to recover from Defendants monies that Defendants already paid to Chase, the Debtor's estate would receive the benefit of those funds twice, which is unjust enrichment."). In response, the Plaintiff argued these payments to Chase conferred a direct benefit on each Defendant and therefore do not entitle any of the Defendants to exercise a right of setoff or any other form of reduction in the amounts to be awarded to the Debtor's estate. Declaration in Reply to the Summary Judgment Opposition ¶ 51 [ECF No. 30].

In the Decision, the Court held that Defendants were not entitled to reduce Defendants' liability to the Debtor based on payments made to Chase. *See* Decision, at 12-14. The Court held that because the Defendants were jointly and severally liable on the debt owed to Chase, the Defendants were not entitled to subrogation under Section 509 of the Bankruptcy Code. *See id.*

## DISCUSSION

### A. Applicable Legal Standards

Defendants seeks partial reconsideration of the Decision under section 105(a) of the Bankruptcy Code and Rule 59(e) of the Federal Rules of Civil Procedure or alternatively, Rule 60(b)(1) of the Federal Rules of Civil Procedure, which is made applicable to these proceedings through Rule 9023 and Rule 9024 of the Federal Rules of Bankruptcy Procedure. Specifically, the Defendants asks the Court to reconsider only the portion of its Decision that "concluded that

7

the Defendants' liability to the Debtor is not reduced by payments made by the Defendants to JPMorgan Chase Bank, N.A." Reconsideration Motion ¶ 1.

Rule 59(e) of the Federal Rules of Civil Procedure authorizes the filing of a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). The standard for granting a motion to alter or amend a judgment under Federal Rule 59(e) is "strict, and reconsideration will generally be denied . . . ." *Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)). "A motion to amend the judgment will be granted only if the movant presents matters or controlling decisions which the court overlooked that might have materially influenced its earlier decision." *In Design v. Lauren Knitwear Corp.*, 1992 WL 42911, at *1 (S.D.N.Y. Feb. 24, 1992) (citing *Morser v. AT & T Information Systems,* 715 F. Supp. 516, 517 (S.D.N.Y. 1989); *Travelers Insurance Co. v. Buffalo Reinsurance Co.,* 739 F. Supp. 209, 211 (S.D.N.Y. 1990)).

Such a request for relief "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Tonga Partners,* 684 F.3d at 52 (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998)). Nor is it "an opportunity for a party to 'plug[ ] the gaps of a lost motion with additional matters.'" *Cruz v. Barnhart*, 2006 WL 547681, at *1 (S.D.N.Y. Mar. 7, 2006) (quoting *Carolco Pictures Inc. v. Sirota,* 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). "Arguments raised for the first time on a motion for reconsideration are therefore untimely." *Cruz*, 2006 WL 547681, at *1 (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Stroh Cos., Inc.,* 265 F.3d 97, 115–16 (2d Cir. 2001)). "[I]t is improper for the movant to present new material 'because[,] by definition[,] material that has not been previously presented cannot have been previously "overlooked" by the court.'" *In Design*, 1992 WL 42911, at *1 (quoting *Consolidated Gold*

8

*Fields, PLC v. Anglo Am. Corp. of South Africa Ltd.,* 713 F. Supp. 1457, 1476 (S.D.N.Y. 1989)). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Management Sys. Inc. Sec. Litig.,* 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quoting *Wendy's Int'l, Inc. v. Nu–Cape Construction, Inc.,* 169 F.R.D. 680, 685 (M.D. Fla. 1996)). The burden rests with the movant. *See In re Crozier Bros., Inc.*, 60 B.R. 683, 688 (Bankr. S.D.N.Y. 1986).

Rule 60(b) of the Federal Rules of Civil Procedure lists six grounds upon which a court may relieve a party from a final judgment, order or proceeding:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The burden of proof on a Rule 60(b) motion is on the movant and is "properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). "A motion under Rule 60(b) is addressed to the sound discretion of the trial court." *Velez v. Vassallo*, 203 F. Supp. 2d 312, 333 (S.D.N.Y. 2002). When determining Rule 60(b) motions, courts "balance fairness considerations present in a particular case against the policy favoring the finality of judgments." *Williams v. N.Y.C. Dep't of Corrections*, 219 F.R.D. 78, 84 (S.D.N.Y. 2003) (citing *Kotlicky v. United States Fidelity Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).

Rule 60(b)(1) provides for relief from a judgment due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Under this subsection, a court may "correct its

9

own mistakes that are of a substantive legal nature . . . and its own mistakes of fact." *Castro v. Bank of N.Y. Mellon*, 852 Fed. Appx. 25, 28 (2d Cir. 2021) (internal citations and quotations omitted). But Rule 60(b)(1) "will not provide a movant an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed." *Francis v. Culley*, 2021 WL 3660719, at *11 (E.D.N.Y. July 20, 2021) (internal citations and quotations omitted).

### B. Defendants' Arguments Regarding Partial Reconsideration

Applying these principles here, the Court finds no basis for reconsideration. In the Reconsideration Motion, Defendants now argue that the relevant loan documents with Chase reflect that the Debtor alone was primarily liable to Chase on account of the loan and that the Defendants were only secondarily liable, having guaranteed the Debtor's obligation to Chase for the loan. Reconsideration Motion ¶ 4. Defendants argue therefore they could only have become jointly and severally liable at some point later in time when the Debtor defaulted on the obligation. *Id.* ¶ 5. But the Defendants did not submit these loan documents in opposition to summary judgment and did not make this argument at the time Defendants were opposing the motion. Not only did the Defendants not raise this argument, but they also explicitly characterized the relationship as one of joint and several liability on the obligation to Chase. *See* Summary Judgment Opposition, at 6; Hr'g Tr., at 54:16-22 ("[Mr. Rosen:] And I think that as a legal matter as well, I think under Section 509 of the Bankruptcy Code, in light of the fact that the entities that satisfied the claim of Chase, were jointly and severally obligated to Chase based upon their respective guaranties of the obligation of the debtor in respect of the loan that Chase has made to the debtor."). Defendant's change in position now is not appropriate on reconsideration. *See Cruz v. Barnhart*, 2006 WL 547681, at *1 (S.D.N.Y. Mar. 7, 2006)

(Reconsideration is not "an opportunity for a party to 'plug[ ] the gaps of a lost motion with additional matters.'" (quoting *Carolco Pictures Inc. v. Sirota,* 700 F. Supp. 169, 170 (S.D.N.Y. 1988))). Such a change in position is not only inappropriate for reconsideration but also runs afoul of the doctrine of judicial estoppel. *Cf. New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (Judicial estoppel aims "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." ).

In seeking to shed the label of being jointly and severally liable for the Chase debt, the Defendants also complain that the related Request for Admission by Plaintiff was objectionable in asking the Defendants to admit that "Defendant was jointly and severally liable with the Debtor to JP Morgan Chase Bank, N.A." Reply ¶¶ 4, 6-7; *see also, e.g.*, Trustee's SMF, Exh. E. But the appropriate time for the Defendants to raise such an objection was in its opposition to the Plaintiff's summary judgment papers, not on reconsideration. *See Tonga Partners,* 684 F.3d at 52 (Such a request for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998))). In any event, the Court's Decision did not rely only on this admission given that the Decision cited the Defendants' own admission that they were jointly and severally liable on the debt. *See* Decision, at 12 (citing Defendant's Summary Judgment Opposition, at 6-7; Hr'g Tr., at 54:16-22) ("Of crucial importance, Defendants have made clear that they were jointly and severally liable for with the Debtor for this obligation to Chase.").[2]

---

[2] Additionally, this is not the first time Defendants have sought to contradict a previous admission. In its Decision, the Court rejected this argument when it came to admissions about advances. *See* Decision, at 14-16 (holding that under Federal Rule of Civil Procedure 36, Defendants are bound by a prior admission that Defendants neither sought to withdraw or amend). The Court notes Defendants similarly never sought to withdraw or amend this admission and only raise these arguments on reconsideration. For the reasons the court relied on in its Decision, the Court finds no basis to disregard Defendants' previous admissions.

11

The Defendants' Motion fails for one additional reason. Even if this Court were to consider the argument that Defendants were not jointly and severally liable to Chase at the time they entered not the agreement, that is not the end of the story. Defendants overlook that, under the terms of the loan documents, the filing of a bankruptcy petition constituted an event of default triggering Defendants' alleged guarantor liability. Opposition ¶ 9. As Plaintiff notes, therefore, even if the Court considered that the Defendants were merely guarantors at one point in time, Defendants became jointly and severally liable when the Debtor filed for bankruptcy in July 2014. *Id.* In their Reply, the Defendants fail to address this argument. They instead make the conclusory assertion that the "issue of joint and several liability and receipt of consideration relative the equitable remedy or subrogation is assessed at the time the underlying loan agreement is entered into, January 28, 2011 . . . ." Reply ¶ 5. But Defendants fail to provide any support for that statement or cite to any case law. Indeed, the Court fails to see why this would be the case.[3] In any event, the Defendants have not provided anything on this point to satisfy their burden to obtain a reconsideration of the Decision.

## CONCLUSION

For the reasons stated above, the Reconsideration Motion is denied.

**IT IS SO ORDERED.**

Dated: New York, New York
      June 14, 2022

                                                         */s/ Sean H. Lane*
                                                         UNITED STATES BANKRUPTCY JUDGE

---

[3] As the Defendants did not file for bankruptcy, the automatic stay of bankruptcy would not prevent the Defendants' obligation to Chase from transforming from a guarantee into an obligation for which they are jointly and severally liable given the default triggered by the filing of the Debtor's bankruptcy. As the Court must assess the parties' legal obligations as of the time these adversary proceedings were decided some years later, it would seem logical to conclude that the Defendants are jointly and severally liable on the Chase debt.